Jeffery J. Oven
Pamela C. Garman
CROWLEY FLECK PLLP
490 North 31st Street, Ste 500
Billings, MT  59103-2529
Telephone:  (406) 252-3441
Facsimile:  (406) 256-8526c
joven@crowleyfleck.com
pgarman@crowleyfleck.com

Neil G. Westesen
CROWLEY FLECK PLLP
900 North Last Chance Gulch, Suite 200
Helena, MT 59601
Telephone: (406) 556-1430
Facsimile: (406) 556-1433
nwestesen@crowleyfleck.com

Colin G. Harris (*admitted pro hac vice*)
Laurence W. Demuth, III (*admitted pro hac vice*)
Matthew D. Clark (*admitted pro hac vice*)
FAEGRE DRINKER BIDDLE& REATH, LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302
PH: (303) 447-7700
Facsimile: (307) 447-7800
Colin.Harris@faegredrinker.com
Trip.Demuth@faegredrinker.com
Matthew.Clark@faegredrinker.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGER PIPELINE LLC,<br><br>Defendant. | Case No. 1:22-cv-43-SPW<br><br>**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, TO STAY DISCOVERY, AND TO CONTINUE PRE-TRIAL DEADLINES** |

## I.   ARGUMENT ON REPLY

The touchstone of Bridger's Motion for Protective Order, to Stay Discovery, and to Continue Pre-Trial Deadlines (the "Motion") is whether good cause exists for issuance of protective order, stay, and related relief. Bridger has made a convincing showing of good cause, which the United States failed to rebut in its Response to the Motion ("Response" or "Resp."). The Court should grant the Motion, including for all the following reasons:

*First*, the Government admits that the Ninth Circuit has not specified that district courts consider specific factors or apply a particular test when deciding whether to exercise their inherent discretion to grant a protective order and issue a discovery stay in the face of motions to dismiss. Resp. 8. The Government then cites to several unreported district court opinions to argue that this Court should only consider three factors when resolving the Motion. *Id.* In doing so, the Government ignores Supreme Court and Ninth Circuit precedent recognizing district courts' broad discretion to manage their dockets and ensure the efficient management of cases. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants. ***How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.***" (emphasis added); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery"; affirming stay pending resolution of motion to dismiss that "further[ed] the goal of efficiency for the court and litigants,"); *Rutman Wine v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").[1]

By focusing on a test that district courts have sometimes applied when considering discovery stays pending resolution of run-of-the-mill motions for summary judgment or to dismiss for failure to state a claim, *see* Resp. 8–9 (and cases cited therein), the Government seeks to ignore and downplay the history and circumstances surrounding this litigation. In particular, none of the cases the Government cites arose in the context of extensive multi-year administrative and discovery proceedings prior to litigation, as is the case here. This Court simply cannot "weigh competing interests and maintain an even balance," *Landis*, 299 U.S. at 255, without considering the years of delay and administrative activity that

---

[1] While Bridger's Motion satisfies the "three-factor test" that the Government urges the Court to apply, application of that test is inappropriate in these circumstances and unnecessarily constrains the Court's discretion and power.

preceded the filing of this lawsuit.

Additionally, building upon its theme that the scope of the Court's jurisdiction is merely a "distraction," Resp. 2, the United States ignores that one of Bridger's motions to dismiss challenges whether this Court can exercise subject-matter jurisdiction over some of the Government's claims and its request for injunctive relief. *See* generally Dkt. No. 31. When faced with a challenge to jurisdiction, courts resolve the jurisdictional issues before proceeding to the merits. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction **before proceeding to the merits**." (emphasis added)); *see also Foster v. Chatman*, 578 U.S. 488, 496 (2016) (courts have independent obligation to ensure that subject-matter jurisdiction exists); F.R.C.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court **must dismiss** the action." (emphasis added)); *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). Unsurprisingly, at least one court in the District of Montana has stayed discovery pending resolution of a motion to dismiss challenging the court's jurisdiction, without limiting itself to consideration of the three factors urged by the Government in its briefing. *See Smith v. Salish Kootenai Coll.*, 2003 WL 24868920, at *3 (D. Mont. Feb. 25, 2003) (exercising broad discretion recognized in *Landis* to stay proceedings pending resolution of potentially dispositive jurisdictional issues).

The Court should consider all relevant facts and circumstances when deciding whether to exercise its broad discretion to issue a stay and protective order

***Second***, on July 8, 2022, Bridger filed its motions to dismiss and supporting briefs. *See* Dkt. Nos. 28–31. While Bridger will not rehash the merits of its motions to dismiss here, those motions are likely to result in the dismissal of this lawsuit (or, at the very least, a significant portion of it). Nowhere does the Government contest that in such a situation the need for discovery would be eliminated or the scope of discovery would be significantly reduced. Therefore, it is in the interest of efficiency and justice for the court to stay discovery pending resolution of the pending motions. *Cf. Little,* 863 F.2d at 685 (affirming stay that promoted interests of efficiency).

***Third***, the Government's Response does not argue that the government will suffer any harm or prejudice if the Court grants the Motion. *See generally* Resp.; *cf. Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (lack of "claim that the plaintiffs will be prejudiced by issuance of a stay of discovery" supported granting stay). This is hardly surprising given the more than seven years that have elapsed since the spill at issue and the significant administrative actions that occurred during that time. Indeed, the Government supports Bridger's request to continue case management deadlines. Resp. 1. Yet, as the Court has explained, the case management "conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case." May 5,

2022 Order. It makes little sense to rush headlong into discovery without a plan for how that discovery should occur. Ultimately, the United States' agreement to continue case management deadlines – which impose obligations on the Government and require it to do work and expend resources – but not the deadlines to respond to the Government's discovery requests, appears to be driven by opportunism rather than any principled approach to sensible, efficient case management.

*Fourth*, Bridger will not address the Government's misunderstanding and conspiracy theories regarding the depth-of-cover surveys (which are irrelevant to the Motion and the motions to dismiss) other than to note that should some piece of this case proceed, Bridger will prove, if necessary, that there is no such thing as "the new 2011 survey report," *see* Resp. at 18, but instead a draft of the 2012 report and the final version of that report. Ultimately, the Government's focus on documents created in 2011 and 2012 in the hope that they will reveal some misdeed highlights just how weak its case is and how focused it is on events from more than a decade ago that have no bearing on the operation of the Poplar Pipeline. If any piece of this lawsuit survives the motions to dismiss, the parties and the Court (if necessary) can determine whether discovery concerning the historic depth-of-cover reports is called for and such discovery can occur in tandem with any other discovery necessary to fully resolve this case. The Government's proposal to prioritize discovery into its conspiracy theory should be rejected.

***Finally***, it is instructive that the federal government wants to make this case about both what happened on the Yellowstone River and a spill in North Dakota by a different company, Belle Fourche. *See* Resp. 2–3. *But cf. generally* Am. Compl. [Dkt. No. 10] (allegations limited to Bridger and its Poplar Pipeline). The record should reflect that before filing this lawsuit the federal government never asked Belle Fourche, which is not subject to personal jurisdiction in Montana, whether it would consent to being sued in Montana. When Belle Fourche objected to the lack of personal jurisdiction over it in Montana, the federal government again made no effort to ask the companies if they would consider joining in a single action in North Dakota. Bridger respectfully submits that the federal government wants to make this Montana case about a North Dakota spill by another company because the federal government is aware that it has significant deficiencies in the Montana case, including the timeliness and redundancy of a case that was addressed, prosecuted, and resolved to the satisfaction of the State of Montana.

It is similarly instructive that while the North Dakota Attorney General was willing to transfer its claims to a Montana court, the State of Montana has not joined in this action. It should be unsurprising that courts do not look favorably upon efforts by plaintiffs in a lawsuit concerning one pipeline to litigate issues concerning a different pipeline. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 540 F. Supp. 3d 45, 57 (D.D.C. 2021) (dismissing attempts to shift attention to "several

spills on a different pipeline operated by" the corporate parent of the defendant, rather than addressing the record concerning the pipeline at issue). Events in North Dakota have no bearing on the Motion (or this case more generally). The fact that the Government feels compelled to discuss those events simply emphasizes the weakness of the Government's lawsuit and the appropriateness of the requested protective order and stay.

## II.    CONCLUSION

For the reasons set forth in the Motion and above, the Court should (1) issue a protective order as to discovery served by the Government, (2) stay further discovery, and (3) continue the pre-trial deadlines set forth in the Court's May 5, 2022 Order, pending the resolution of Bridger's pending motions to dismiss.


Dated this 12th day of July 2022.

Respectfully submitted,

CROWLEY FLECK, PLLP

/s/ Jeffery J. Oven
Jeffery J. Oven
Pamela C. Garman
490 N. 31st Street, Ste 500
P.O. Box 2529
Billings, MT 59103-2529
joven@crowleyfleck.com
pgarman@crowleyfleck.com

Neil G. Westesen
900 North Last Chance Gulch, Suite 200
Helena, MT 59601
Telephone: (406) 556-1430
Facsimile: (406) 556-1433
*nwestesen@crowleyfleck.com*

Colin G. Harris (*admitted pro hac vice*)
Laurence W. Demuth, III (*admitted pro hac vice*)
Matthew D. Clark (*admitted pro hac vice*)
FAEGRE DRINKER BIDDLE& REATH, LLP
1470 Walnut Street
Boulder, CO 80302
PH: (303) 447-7700
Facsimile: (307) 447-7800
Colin.Harris@faegredrinker.com
Trip.Demuth@faegredrinker.com
Matthew.Clark@faegredrinker.com

*Attorneys for Defendant*